# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WISCONSIN SHEET METAL WORKERS
HEALTH AND BENEFIT FUND,
MILWAUKEE AREA SHEET METAL
JOURNEYMEN AND APPRENTICESHIP
TRAINING FUND,
WISCONSIN SHEET METAL
WORKERS LOCAL 18 VACATION FUND,
WISCONSIN SHEET METAL WORKERS
LOCAL 18 INDUSTRY FUND,
WISCONSIN SHEET METAL WORKERS
LOCAL 18 SCHOLARSHIP FUND,
and WISCONSIN SHEET METAL WORKERS
LOCAL 18 RETIREMENT FUND,
and WILLIAM HOEPNER,**

**SHEET METAL WORKERS UNION,
LOCAL 18,**

**SHEET METAL WORKERS'
NATIONAL PENSION FUND,
INTERNATIONAL TRAINING INSTITUTE
FOR THE SHEET METAL
AND AIR CONDITIONING INDUSTRY,
NATIONAL ENERGY MANAGEMENT
INSTITUTE COMMITTEE,
SHEET METAL OCCUPATIONAL
HEALTH INSTITUTE TRUST FUND,
and BOARD OF TRUSTEES,
SHEET METAL WORKERS'
NATIONAL PENSION FUND,**

               **Plaintiffs,**

**v.**                                                      **Case No. 07-C-990**

**ZIEGELBAUER H.V.A.C., INC.,**

               **Defendant.**

## **DECISION AND ORDER**

This matter is before the Court on the Plaintiffs' application for entry of judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). They have submitted an affidavit in support of damages and attorney fees in support their motion which indicates that they claim costs of $405 for the fees to commence this action and for the service of process.

The Clerk of Court entered default against the Defendant, Ziegelbauer H.V.A.C., Inc. ("Ziegelbauer"), on February 15, 2008. The matter was randomly reassigned to this Court on February 19, 2008.

The Plaintiffs request that this Court enter default judgment on their Complaint against Ziegelbauer, finding that it violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145; the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185; and the effective collective bargaining agreement. The Plaintiffs have submitted a proposed order for judgment, which states that the Court assesses "total damages" against Ziegelbauer in the amount of $50,981.25 for unpaid contributions, interest, and liquidated damages for the audited period from September 1, 2005, through May 31, 2007, and attorneys' fees and costs incurred in the prosecution of this matter, as well as the unpaid amount resulting from a fine issued against Ziegelbauer for its failure to maintain a bond. The final sentence of the proposed order states in relevant part that the "Clerk of Court is directed to enter judgment in favor of the Plaintiffs . . . and against [Ziegelbauer] in the amount of $50,981.25 together with interest at the rate allowed by law."

2

The Plaintiffs also submitted a proposed "entry of judgment on the decision by the Court." There are two problems with the proposed order and judgment.

First, the proposed order and judgment includes costs in the amount of $405. Rule 54(d) of the Federal Rules of Civil Procedure states: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. . . . The clerk may tax costs on 1 day's notice. On motion served within the next 5 days, the court may review the clerk's action." As explained in *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988), " [b]y allowing the clerk to tax costs and the court to then review that taxation, Rule 54(a) establishes a procedure permitting taxing of costs without involving the district court judge, while still allowing the judge to exercise his discretion if either party complains (citing 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2679, at 395 (2d ed.1983) ('The function of the court in the process of taxing costs is merely to review the determination of the clerk'); 6 J. Moore, W. Taggart, & J. Wicker, *Moore's Federal Practice* ¶ 54.77[9], at 54-486 (2d ed.1988) ('The taxing of routine costs can and should ordinarily be settled by the clerk, without bothering the court by a subsequent motion for review.')."

Additionally, section 1920 of Title 28 of the United States Code provides: "[a] bill of costs shall be filed in the case." This requirement is mirrored in Civil L.R. 54.1 (E.D. Wis.) which states that "the party in whose favor a judgment for costs is awarded or allowed by law and who claims the party's costs must, after the judgment has been entered, serve on the attorney for the adverse parties and file with the Clerk of Court the party's bill of costs."

3

In this case, the Plaintiffs are the prevailing party and an award of costs is permitted by 28 U.S.C. 1132(g)(2). The Court will award costs to the Plaintiffs.

However, the Clerk of Court will determine the amount of costs to be taxed. The Plaintiffs must follow the statutory procedure and, after the entry of judgment, submit a bill of costs to the Clerk of Court. A form is available in the form repository which is a part of the district court's web site: www.wied.uscourts.gov The amount of damages awarded by the proposed order and judgment must be reduced by the $405 attributable to costs.

Second, the Plaintiffs request that the Court order entry of a judgment awarding them "the amount of $50,981.25 together with interest at the rate allowed by law." However, "civil litigants who win money judgments in district courts are entitled to *post* judgment interest" by statute. *See Pace Commc'ns, Inc. v. Moonlight Design, Inc.*, 31 F.3d 587, 590-91 (7th Cir. 1994) (citing 28 U.S.C. § 1961(a)). A judgment awarding postjudgment interest is redundant. *Id*. Additionally, awarding interest, without specifying whether it is prejudgment or postjudgment, creates confusion. *Id.* If an award of prejudgment interest is sought, the judgment is not final until the amount of interest is calculated. *Id. See also*, *Student Loan Mktg. Ass'n. v. Lipman*, 45 F.3d 173, 175-78 (7th Cir. 1995).

Consequently, this Court will require that the Plaintiffs identify the type of interest sought. If they seek postjudgment interest, the reference to interest is redundant and must be deleted. *Pace Commc'ns*, 31 F.3d at 591. If the Plaintiffs seek prejudgment interest, they must provide a dollar amount for such interest and supporting documentation, such as calculations and a formula for ascertaining the interest amount. *See id.*

4

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Plaintiffs' application for entry of judgment (Docket No. 11) is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin this 14th day of March, 2008.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**